**UNITED STATES of America**

v.

**Donna SHEFFER.**

**Crim. No. S 88–0293.**

United States District Court,
D. Maryland.

Dec. 1, 1988.

Breckinridge L. Willcox, U.S. Atty., Stephen Purcell, and Billy S. Bradley, Asst. U.S. Attys., Baltimore, Md., for plaintiff.

Fred Warren Bennett, Federal Public Defender and Susan M. Bauer, Asst. Federal Public Defender, Baltimore, Md. for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

■ Defendant Donna Sheffer is one of several charged in the captioned criminal case with, *inter alia,* having engaged in a drug conspiracy that existed from 1983 through July 1988. Defendant has requested that the Court put special interrogatories to the jury designed to elicit answers to two factual questions relevant to sentencing, *viz.,* (1) whether defendant was a member of the conspiracy on or after November 1, 1987, and (2) what quantity of drugs was involved in the conspiracy. The first inquiry concerns whether the Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat. 1837 (1984) as amended (as to effective date) by Pub.L. No. 100–182, 101 Stat. 1266 (1987), applies to the conspiracy count. The second pertains to the penalty imposable under 21 U.S.C. § 846 (1982 & Supp. IV 1986), as in force both before and after the effective date of the Sentencing Reform Act of 1984. In either case, the maximum punishment is determined,. at least in part, by the quantity of drugs involved. *Compare* 21 U.S.C. §§ 841 and 846 (1982 & Supp. IV 1986) *with Sentencing Guideline* § 2D1.1 (Oct.1987, as amended).

Defendant's request is *denied.* Special verdicts are not provided for by rule in federal criminal cases, except as to matters of criminal forfeiture. *See* Fed.R.Crim. Proc. 31. It is the almost universal view that special verdicts are not to be employed in federal criminal cases. *See generally* 3 C. Wright, *Federal Practice and Procedure: Criminal* § 512 (1982). Although some federal appellate cases have held that it is not error for the trial judge to seek a special factual finding from the jury in aid of determining sentencing factors [1], none, to this Court's knowledge, has held that the trial judge *must* do so. The one district court case seemingly on point cited by defendant, *viz., United States v. Oqull,* 149 F.Supp. 272 (S.D.N.Y.1957), appears not to

---

1. *See, e.g., United States v. Pforzheimer,* 826 F.2d 200 (2d Cir.1987); *United States v. Buishas,* 791 F.2d 1310 (7th Cir.1986); *United States v. Orozco–Prada,* 732 F.2d 1076 (2d Cir.), *cert. denied,* 469 U.S. 845, 105 S.Ct. 154, 83 L.Ed.2d 92 (1984); and *United States v. Stassi,* 544 F.2d 579 (2d Cir.1976), *cert. denied,* 430 U.S. 907, 97 S.Ct. 1176, 51 L.Ed.2d 582 (1977).

have been widely followed and, for reasons stated *post*, is not persuasive.

█ The determination of facts relevant to sentencing has consistently been understood, at least in modern federal criminal practice, to be within the trial judge's province. Indeed, even the latest iteration of Criminal Rule 32 adopts such a view. *See* Fed.R.Crim.Proc. 32(c)(3)(D). The trial judge has always been able to base factual determinations relevant to sentencing on, *inter alia,* the evidence adduced at trial. *United States v. Grayson,* 438 U.S. 41, 50, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978). This Court sees no reason why it cannot exercise its fact-finding function relevant to sentencing in this case as it always has, *viz.,* without the aid of a jury's special findings. The Sixth Amendment entitles a criminal defendant to a jury's determination of questions of guilt and innocence, not punishment. *United States v. Brown,* 744 F.2d 905, 908–09 (2d Cir.), *cert. denied,* 469 U.S. 1089, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984). This is not one of the "rare situations where the *degree* of the offense ... turns on a factual issue requiring jury consideration." *Id.* at 909 (emphasis added.)

In every case in which criminal conduct might postdate November 1, 1987, the judge must determine whether the Sentencing Reform Act of 1984 applies. This determination is an integral part of the sentencing process, and it depends on facts found by the trial judge; it is not a matter of the degree of the offense, nor has it anything to do with guilt or innocence. Likewise, questions of fact relevant to *punishment* of narcotics offenders, as distinguished from issues relevant only to guilt or innocence, are to be determined by the trial judge. The relevant statutes (21 U.S.C. §§ 841 and 846 (1982 & Supp. IV 1986)) do not establish different degrees of offenses, but simply make the maximum sentence dependent upon factual determinations (of quantity of drugs involved) that have relevance to sentencing, and to sentencing only. Thus, there is no question that need be submitted to a jury on special verdict as to the punishment to be imposed under the narcotics conspiracy statute.

Again, this is a function for the trial judge, not the jury.

Finally, the Court notes that, were it to grant defendant's request, especially as to the amount of narcotics involved, it would logically be compelled to submit to a jury on special verdict every disputed factual issue made relevant to sentencing by the new Sentencing Guidelines. As mentioned *ante,* the Guideline calculus for drug offenses is quantity-dependent. Moreover, the entire Guideline sentencing scheme depends on the trial judge's resolution of a myriad of factual issues that bear on the calculation of the relevant offense level and criminal history category. Because of this mechanistic approach to sentencing, if defendant's present request is granted, then it could logically be argued that no sentencing fact can be determined by the judge, but all must be submitted to the jury, because the resolution of each fact affects the sentence that the judge *must,* except in unusual circumstances, now impose. Certainly, the Sixth Amendment does not require such folly, any more than it requires the Court to grant defendant's present request. The Sentencing Reform Act, of itself, largely guts the sentencing function of the trial judge, *see United States v. Bolding,* 683 F.Supp. 1003, 1004–05 (D.Md. 1988) (*en banc*); the devolution of sentencing fact-finding on the jury would eviscerate it entirely. Neither the Sentencing Reform Act nor the Constitution compels such a result.

For the reasons stated, defendant Donna Sheffer's request for special verdicts is *denied.*