878 F.2d 1431
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James E. GALLOWAY, a/k/a Dean, Defendant-Appellant.
 No. 88-5651.
 United States Court of Appeals, Fourth Circuit.
 Argued May 12, 1989.
Decided June 29, 1989.
 
 Stephen Godfrey Jory (Busch, Jory, Smith & Talbott on brief) for appellant.
 Thomas O. Mucklow, Assistant United States Attorney (William A. Kolibash, United States Attorney, John H. Reed, Assistant United States Attorney on brief) for appellee.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and FREDERIC NELSON SMALKIN, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 James E. Galloway was convicted on a jury's verdict of two counts of distribution of "crack," a variant of cocaine. He was sentenced in October, 1988, to alternative terms, one predicated on the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 (SRA), Pub.L. No. 98-473, 98 Stat.1987, as amended, the other on pre-guideline sentencing statutes. (Entry of such alternative sentencing judgments was a common practice in some districts before the Supreme Court settled the constitutionality of the Sentencing Guidelines in Mistretta v. United States, 109 S.Ct. 647 (1989)). The appellant raises four contentions, none of them meritorious. Therefore, we affirm.
 
 
 2
 Appellant first contends that the evidence was insufficient to establish that the offense charged in Count I took place in West Virginia, rather than in Ohio. The witness who purchased "crack" from appellant in the fall of 1987, one Collier Patterson, testified that, although some purchases were made in Ohio, some were made in Wheeling, West Virginia. Bearing in mind that drug deals are seldom engaged in by individuals who are highly motivated to observe or remember details as to time and place, the evidence offered by Patterson was sufficient to warrant a reasonable fact-finder's conclusion that appellant distributed "crack" in the Northern District of West Virginia in the fall of 1987, as charged in Count I. United States v. Figurski, 545 F.2d 389 (4th Cir.1976). See Jackson v. Virginia, 443 U.S. 307 (1976); see also Nelson v. Solem, 795 F.2d 636 (8th Cir.1986) (per curiam), cert. denied, 480 U.S. 908 (1987).
 
 
 3
 Appellant's next contention is that the evidence was insufficient as to Count II, which charged him with one "crack" transaction in March of 1988. The testimony of an informant participating in the deal, corroborated by other, circumstantial evidence, was plainly sufficient to sustain the jury's verdict on Count II. Drug informants are not recruited from amongst the bishops of the Church. The fact that a witness to a drug deal is himself a convicted criminal and/or a drug user, although a factor to be assessed by the jury in weighing credibility, does not make his testimony unreliable as a matter of law. See Pigford v. United States, 518 F.2d 831, 836 (4th Cir.1975).
 
 
 4
 Appellant's third contention is that evidence offered by one Rodney Carter should not have been admitted. Carter testified to buying "crack," in circumstances similar to those charged, from appellant on other occasions, out of the same automobile involved in the Count II transaction. The District Judge did not abuse his discretion in admitting such evidence under Fed.R.Evid. 404(b) as proof of appellant's criminal intent to sell drugs. United States v. Greenwood, 796 F.2d 49, 53-54 (4th Cir.1986).
 
 
 5
 Finally, appellant attacks the sentence imposed under the Guidelines, on the basis that the District Judge erred in concluding that the offense charged in Count I took place after November 1, 1987, the effective date of the SRA. Because neither party provided this Court with a record of the sentencing proceeding, we do not know what, if any, argument was made to the District Judge on this quintessentially factual issue. But, because the trial judge, not the jury, determines the facts relevant to sentencing, including the date of the offense, see United States v. Sheffer, 700 F.Supp. 292, 293 (D.Md.1988), because factual determinations by the trial judge under the SRA are reviewable only for clear error, see United States v. Daughtrey, --- F.2d ----, No. 88-5151, slip op. at 13 (4th Cir. May 11, 1989), and because the evidence, although not compelling such a conclusion, permitted the trial judge to conclude that "crack" was distributed, as alleged in Count I, on or after November 1, 1987, we conclude that the appellant was properly sentenced under the SRA on Count I.
 
 
 6
 AFFIRMED.