**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mark SAVAGE, Defendant–Appellant.**

No. 88–3422.

United States Court of Appeals,
Seventh Circuit.

Argued May 16, 1989.

Decided Nov. 22, 1989.

As Amended Nov. 28, 1989.

Kevin E. Milner, Asst. U.S. Atty., Office of the U.S. Atty., Hammond, Ind., for plaintiff-appellee.

Donald W. Rice, Portage, Ind., for defendant-appellant.

Before COFFEY, RIPPLE and MANION, Circuit Judges.

COFFEY, Circuit Judge.

Mark Savage was named in Count 1 of a five count indictment, charging that "Eduardo Gonzalez, Steven Riley, Chris Rhodes, Mark Savage, and Larry Lockhart, defendants herein, did unlawfully, willfully, and knowingly conspire with each other and with others" to knowingly and intentionally distribute, and possess with intent to distribute, cocaine, in violation of 21 U.S.C. § 846. Savage initially entered a plea of not guilty, but before trial entered into a plea agreement. He appeals from the judgment and sentence imposed. We affirm.

The plea agreement was specific as to the acts to which Savage was pleading guilty. Paragraph 9(a) of that agreement read:

I will plead guilty to Count 1 of the five-count indictment, which count charges me with conspiracy to knowingly and intentionally distribute and to possess with intent to distribute cocaine in violation of Title 21, United States Code, Section 846; I agree with the government that a conspiracy existed among several individuals to distribute cocaine between the period of November 10, 1987 through January 22, 1988; I also agree that throughout this period of time I conspired with at least one of these individuals to distribute cocaine and that these individuals were responsible for all the following distributions of cocaine; I further agree, however, that I only participated in and knew of Act # 3 as listed below; nonetheless, I agree with the government that I could have reasonably foreseen that each of the other acts listed below would have been committed by these other individuals;

| Date | Amount | Purity | Location |
|------|--------|--------|----------|
| 1. November 11, 1987 | 7 grams | 84% | Northern District of Indiana |
| 2. November 18, 1987 | 28.1 grams | 94% | Northern District of Indiana |
| 3. December 4, 1987 | 28 grams | 92% | Northern District of Illinois |
| 4. January 6, 1988 | 132 grams | 90% | Northern District of Illinois |
| 5. January 21, 1988 | 999.3 grams | 94% | Northern District of Illinois |
| 6. January 22, 1988 | 1000.3 grams | 97% | Northern District of Illinois |
| TOTAL: | 2194.7 grams | | |

Act number three listed in the plea agreement was a sale by Savage of 28 grams of 92% pure cocaine to co-conspirator Steven Riley. At the hearing conducted before Judge Moody pursuant to Fed.R.Crim.P. 11, Savage admitted the facts recited in the plea agreement. He admitted that he distributed cocaine for one Lucy Rodriguez, as did several others listed in the indictment. When asked by the trial judge whether he agreed that all the acts listed in the plea agreement had occurred, Savage admitted "that I could have reasonably foreseen that, yes."

■ Paragraph 9(c) of the plea agreement states:

In any event, I understand that if the Court determines that only Act #3 above should be used in calculating my precise sentence, that I will receive a maximum sentence of twenty (20) years imprisonment and a fine of one million ($1,000,000) dollars; I further understand that if the Court determines that all of the above acts should be used in calculating my precise sentence, that my sentence will be not less than five (5) years imprisonment nor more than forty (40) years imprisonment and a fine of two million ($2,000,000) dollars.

When the trial judge inquired as to what he understood the minimum penalty to be for his offense if the court determined that all six acts set forth in the plea agreement should be used in calculating the sentence, Savage replied, "A minimum of five years ... in prison." Savage's counsel stated that "we should be entitled to an evidentiary hearing at some future point for the purpose of demonstrating to the Court the breadth and the scope of the conspiracy to which the Defendant pleads guilty for sentencing guideline purposes." This was not a request for an evidentiary hearing, but merely a statement that he intended at some future time to make such a request. No specific request for an evidentiary hearing was ever filed, and in the absence of a request, the trial judge could properly consider the matter waived. The court has no obligation to consider whether to hold an extraordinary hearing unless on motion of one of the parties.[1]

1. Every defendant in a federal criminal case has the opportunity to present evidence relevant to sentencing at the sentencing hearing. Fed.R. Crim.P. 32(a)(1). The evidentiary hearing con-

The base offense level for narcotics offenses under the United States Sentencing Commission's Guidelines depends on the quantity of narcotics involved. *See* Guidelines § 2D1.1(a)(3) (base level is determined by reference to Drug Quantity Table). If only the December 4 drug buy between Savage and Steven Riley were to be considered in calculating Savage's sentence, the weight of cocaine involved would be 28 grams and the base offense level would be Level 14. *See* Drug Quantity Table, Guidelines § 2D1.1. This base level is adjusted upward or downward for a variety of factors, including characteristics of the crime victim, the defendant's leadership role in the offense, the defendant's obstruction of the proceedings, multiplicity of the counts charged, and the defendant's acceptance of personal responsibility. The court found that Savage had accepted personal responsibility for his criminal behavior, and lowered the base offense level two levels in accordance with Guidelines § 3E1.1(a). The offense level applicable to Savage if only the single drug transaction was considered would then be Level 12. The court found that Savage's Criminal History Category, Guidelines § 4A1.1, is 1. The appropriate sentencing range, then, if the conspiracy involved only the single transaction, is 10 to 16 months. *See* Sentencing Table, Guidelines Ch. 5, Part A. On the other hand, when all the acts listed are considered for sentencing, the weight of the cocaine involved is 2194.7 grams, thus mandating a base offense level of 28. Giving Savage credit for acceptance of personal responsibility for the crime charged calls for the subtracting of two levels. Thus the net offense level for the conspiracy as described in the indictment is Level 26. Considering Savage's prior criminal history in the overall sentencing structure, the Guidelines call for the imposition of a sentence of 63 to 78 months.

After the Rule 11 hearing but prior to the sentencing hearing, Savage filed an "Alternative Motion to Sentence at Offense Level 14 or For Leave to Withdraw Plea of Guilty." This motion was denied. Savage asked that the question of the conspiracy's scope, thus impacting on the appropriate sentencing range, be decided by a jury, without any supporting case law, but he did not submit a proposed form of question for the jury. The request for a jury determination of the question, which was relevant only to sentencing, was denied. Judge Moody denied the motion to sentence at the lower level, and denied leave to withdraw the guilty plea.

At the sentencing hearing, Judge Moody offered to hear any evidence Savage wished to present in regard to sentencing, but Savage's request for a hearing before a jury for the purpose of determining which cocaine deliveries should be considered was denied. Savage admitted some of the factual statements contained in the Presentence Investigation Report and claimed insufficient knowledge to admit or deny some others. Fed.R.Crim.P. 32(c)(3)(D). He presented no new evidence regarding the extent of his involvement in the conspiracy despite his earlier statement that he was considering requesting an evidentiary hearing. In accordance with another request of Savage, the court agreed not to consider a charge against him then pending in the Indiana state courts. Savage's insistence that he was personally involved only in the drug buy of December 4 was repeated. Savage was sentenced at Offense Level 26, which reflected consideration of all the distributions listed in the indictment, and he was ordered to serve a term of 63 months imprisonment followed by a three year term of supervised release. Savage's counsel stated, on the record, after the imposition of sentence, that he would have presented Savage's oral testimony, but that Savage "would say only the things that he said earlier."

Savage appeals, alleging that he conspired only with Lucy Rodriguez, and not with the other persons named in the indictment. He argues that he never admitted to any other direct involvement with the

templated by Savage's counsel, if he intended it to be separate from the sentencing hearing,

would have been redundant.

conspiracy or to any other conspiracy or any other drug buy other than the distribution of December 4, and further alleges that he was denied the opportunity to have a jury determination as to the severity (amount) of the cocaine transactions considered in sentencing. Thus he contends that the longer prison term (63 months) imposed on account of the other transactions, in which he was not personally involved but which were considered by the court, was invalid. Implicit in Savage's argument is his contention that the conspiracy he admits participating in was different from the conspiracy charged in the indictment, and that there was thus no basis in fact for his plea of guilty to the indictment. He also argues that Judge Moody erred in sentencing at the higher level, and abused his discretion in denying the alternative motion to withdraw the plea of guilty. Lastly, he argues that it was error for the district court to refuse to present the question of the scope of the conspiracy to the jury. We affirm the trial court's determination of guilt, and its imposition of sentence.

## I

■ Under Fed.R.Crim.P. 11(f), the court must be satisfied before accepting a plea of guilty as to a count that there exists a factual basis for the plea. If Savage was in fact not a member of the conspiracy described in the indictment, then there was no factual basis for the plea, and it would have been error for the judgment to have been entered on the plea. *See Nevarez–Diaz v. United States*, 870 F.2d 417 (7th Cir.1989). Savage insists that he conspired only with Lucy Rodriguez and not with Gonzalez, Riley, Rhodes and Lockhart as charged in the indictment. The following exchange took place at the Fed.R.Crim.P. 11 hearing:

THE COURT: And what are you agreeing with the Government that you did?

SAVAGE: That I knowing—conspired to distribute cocaine and that these individuals [are] responsible for all the following distributions of cocaine, but I agree that I only participated in Count 1.[2]

THE COURT: Act Number 3?[3]

SAVAGE: Correct.

THE COURT: You participated in the one act?

SAVAGE: Yes....

THE COURT: But you are agreeing that all these other acts occurred, correct, among the other conspirators?

SAVAGE: That I could have reasonably foreseen that, yes.

In regard to act number three, the December 4 sale, Savage stated, "I had knowingly and intentionally met with Steven Riley and conspired to sell him an ounce of cocaine."

■ Membership in a conspiracy does not require direct involvement with each and every act of the conspiracy. It requires only that the defendant know of the conspiracy, that he intend to associate himself with its criminal purpose, and that he perform some act to advance the ends of the conspiracy. *United States v. Adamo*, 882 F.2d 1218, 1223–24 (7th Cir.1989). "A conspiracy is a 'combination or confederation between two or more persons formed for the purpose of committing, by their joint efforts, a criminal act.'" *United States v. Diaz*, 876 F.2d 1344, 1351 (7th Cir.1989) (citations omitted). A defendant may be found guilty of membership in a conspiracy to distribute narcotics if the government proves that the defendant "knew of the conspiracy to distribute drugs and that he intended to join and associate himself with its criminal design and purpose," *United States v. Griffin*, 827 F.2d 1108, 1117 (7th Cir.1987), *cert. denied*, 485 U.S. 909, 108 S.Ct. 1085, 99 L.Ed.2d 243 (1988), and that the defendant acted with intent to advance the ends of that conspiracy. "Mere association, knowledge or approval of a conspiracy is not sufficient to prove a defendant's guilt. However, while

---

2. Count 1 of the indictment charged Savage, along with Gonzalez, Riley, Rhodes and Lockhart, with conspiracy to possess cocaine with intent to distribute.

3. Act number three refers to the December 4, 1987 buy, in which Savage sold Steven Riley 28 grams of 92% pure cocaine.

'mere presence at the scene of the crime or mere association with the conspirators will not themselves support a conspiracy conviction ... presence of a single act will suffice if the circumstances permit the inference that the presence or act was intended to advance the ends of the conspiracy' ". *United States v. Xheka,* 704 F.2d 974, 988–89 (7th Cir.1983), quoting *United States v. Mancillas,* 580 F.2d 1301, 1308 (7th Cir.), *cert. denied* 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978). *See also United States v. Carrasco,* 887 F.2d 794 , 807–08 (7th Cir.1989). "[O]ne who buys [drugs] from a conspirator for resale is a member of the conspiracy if he knows at least its general aims." *United States v. Marks,* 816 F.2d 1207, 1212 (7th Cir.1987). Savage admitted receiving cocaine from Rodriguez for sale to Steven Riley, and he further stated that he had no knowledge as to where others were involved in similar transactions with Rodriguez. "Once a conspiracy is shown to exist evidence that establishes a particular defendant's participation beyond a reasonable doubt, although the connection between the defendant and conspiracy is slight, is sufficient to convict." *United States v. Vega,* 860 F.2d 779, 795 (7th Cir.1988). Savage's voluntary admissions provided sufficient evidence that he was associated with the Rodriguez conspiracy, which included all the persons named in the indictment, and that he actively participated in achieving the ends of the consiracy in selling cocaine to Steven Riley. Therefore the trial judge did not err in reaching the conclusion that a sufficient factual basis existed in the record for him to find that Savage was a member of a conspiracy which included all persons named in the indictment. We hold that it was not an abuse of discretion for Judge Moody to accept his plea of guilty to the charge of conspiracy to possess cocaine with intent to distribute.

■ Savage's argument is that the conspiracy to which he **intended** to plead guilty did not involve any of the persons named in the indictment, but included only Lucy Rodriguez and himself. A conspirator need not know each and every member of the conspiracy to be held criminally liable for their conduct in furtherance of the conspiracy, *United States v. Adamo,* 882 F.2d at 1224, and further, based upon the record, we find no need to discuss the technical distinctions between "wheel" conspiracies and general conspiracies, *see, e.g., Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *United States v. Percival,* 756 F.2d 600 (7th Cir. 1985); *United States v. Napue,* 834 F.2d 1311 (7th Cir.1987) (discussing criminal responsibility in differing types of conspiracies), because Savage's argument on appeal is undermined by the language of the indictment to which he knowingly and intelligently pleaded guilty. That indictment states that "Eduardo Gonzalez, Steven Riley, Chris Rhodes, Mark Savage, and Larry Lockhart, defendants herein, did unlawfully, willfully, and knowingly conspire *with each other* and with others" (emphasis added). Having pleaded guilty to membership in the conspiracy as charged in the indictment knowingly and intelligently, and with the advice of counsel, Savage has relinquished the right to challenge the conspiracy. *United States v. Broce,* —— U.S. ——, 109 S.Ct. 757, 763, 102 L.Ed.2d 927 (1989) (guilty plea cut off the right to show that multiple conspiracies confessed to were smaller parts of a single conspiracy).

## II

■ Having found that Savage pleaded guilty to membership in a broad conspiracy to distribute cocaine, including not only Lucy Rodriguez, but also the other four persons named in the indictment, we turn to the determination of the appropriate sentence and to Savage's Alternative Motion. Judge Moody determined Savage's sentence based on the following admitted facts: (1) That Savage knew of and participated in a conspiracy to distribute cocaine, and to possess cocaine with intent to distribute; (2) That on December 4, 1987, Savage delivered 28 grams of 92% pure cocaine in furtherance of the conspiracy; (3) That Savage could reasonably have foreseen that the other deliveries connected with a member of the conspiracy and mentioned in the plea agreement would be made by oth-

er persons listed in the indictment; (4) That the total weight of cocaine distributed in furtherance of the conspiracy as charged in the indictment was 2194.7 grams; (5) That Savage accepted personal responsibility for his criminal acts. Based upon these facts, we are of the opinion that sentencing at Level 26 was proper, following the sentence calculation procedure we have outlined above because that level reflects Savage's criminal responsibility for a conspiracy which distributed 2194.7 grams of cocaine.

The factual basis of the indictment, admitted under oath, is the same factual basis required for sentencing at the higher level of culpability. Guidelines § 2D1.4, Application Note 1 states, "If the defendant is convicted of a conspiracy that includes transactions in controlled substances in addition to those that are the subject of substantive counts of conviction, each conspiracy transaction shall be included with those of the substantive counts of conviction to determine scale." One of the measures employed in determining the severity of a drug conspiracy offense is the amount of narcotics involved in the entire conspiracy, not just the amount with which the defendant dealt personally. The amount of narcotics considered in sentencing for conspiracy includes not only the amount involved in the transactions that were known to the defendant but also those that were reasonably foreseeable, reflecting the fact that each conspirator is responsible for the acts and offenses of each one of his co-conspirators committed in furtherance of the conspiracy. "[T]he sentence should be imposed only on the basis of the defendant's conduct or the conduct of co-conspirators in furtherance of the conspiracy that was known to the defendant or was reasonably foreseeable." Guidelines § 2D1.4, Application Note 1. Savage specifically admitted that the listed transactions were reasonably foreseeable, and that ends the inquiry. He is being punished for his crime of becoming involved in a criminal enterprise which distributed large amounts of narcotics.

### III

This leaves the other half of Savage's Alternative Motion: the motion to withdraw the plea of guilty. A plea may be withdrawn under Fed.R.Crim.P. 32(d) at any time before sentencing, but only with the approval of the district court. There is no absolute right to withdraw a guilty plea. *United States v. Ellison,* 798 F.2d 1102 (7th Cir.1986). The district court may permit withdrawal "upon a showing by the defendant of any fair or just reason." Fed. R.Crim.P. 32(d). Whether a fair or just reason has been shown is a question within the district court's discretion. *United States v. McFarland,* 839 F.2d 1239 (7th Cir.1988). Savage's reason is that he wishes the court had imposed a shorter sentence than is proper for the crimes he committed. Judge Moody's decision to reject such a claim was not an abuse of discretion.

### IV

Lastly, we hold that Judge Moody properly denied Savage's request to have the scope of the conspiracy determined by a jury. In the federal system, juries are not involved in the sentencing phase of the trial, and facts relevant only to sentencing are determined by the judge. *See United States v. Sheffer,* 700 F.Supp. 292 (D.Md.1988) (special interrogatories would not be put to the jury on the question of what quantity of drugs was involved in a conspiracy). In some states, the jury does have a role in determining the sentence. This is not the case in federal courts, and the appellant has not cited us any authority to suggest otherwise. Therefore the decision of the court denying Savage a jury determination of the scope of the conspiracy was proper. The judgment and sentence of the court are

AFFIRMED.

RIPPLE, Circuit Judge, concurring.

I concur in the judgment and opinion of the court. A review of the entire proceedings before the district court makes it clear that Mr. Savage's plea was entered knowingly and voluntarily. The defendant's

concern was achieving a favorable application of the sentencing guidelines—not disputing the *essential* factual allegations of the indictment.