**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gregory SMITH, Defendant–Appellant.**

**No. 90–3821.**

United States Court of Appeals, Seventh Circuit.

Argued June 18, 1991.

Decided July 22, 1991.

Barry R. Elden, Jerome N. Krulewitch, Asst. U.S. Attys., Office of the U.S. Atty., Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

William J. Stevens, Chicago, Ill., for defendant-appellant.

Before BAUER, Chief Judge, COFFEY and RIPPLE, Circuit Judges.

PER CURIAM.

A jury convicted Gregory Smith on two counts of making false statements to a licensed firearms dealer in connection with the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6) and two counts of possessing a firearm in violation of 18 U.S.C. § 922(g). Smith appeals his conviction on the ground that the district court erred in refusing to submit a special interrogatory tendered by the defense to the jury. We affirm the defendant's conviction.

At the final pre-trial conference, Smith's attorney orally requested that a special interrogatory be submitted to the jury to determine whether the defendant obtained or possessed the weapons solely for sporting or collection purposes. The district court denied counsel's request, reasoning that the determination related only to sentencing and thus was not a matter for the jury to consider.

*Discussion*

Smith asserts that the trial court's refusal to submit the special interrogatory to the jury constituted reversible error warrant-

ing a new trial. Smith concedes that the special interrogatory related only to sentencing considerations, rather than the offense, but maintains that when a defendant's offense level turns on a factual finding, it is an abuse of discretion not to allow the jury to determine that fact. Thus, Smith argues that the court should have allowed the jury to determine whether he possessed the weapons for collection purposes.

 It is firmly established that there is no sixth amendment right to jury sentencing. *McMillan v. Pennsylvania*, 477 U.S. 79, 93, 106 S.Ct. 2411, 2419–20, 91 L.Ed.2d 67 (1986); *United States v. McKenzie*, 922 F.2d 1323, 1328 (7th Cir. 1991); *United States v. Ross*, 917 F.2d 997, 998–99 (7th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1078, 112 L.Ed.2d 1183 (1991). This is true "even where the sentence turns on specific findings of fact." *McMillan*, 477 U.S. at 93, 106 S.Ct. at 2419–20. Moreover, in the federal system, facts germane only to sentencing are resolved by the judge not the jury. *McKenzie*, 922 F.2d at 1328. *See also United States v. Savage*, 891 F.2d 145, 151 (7th Cir.1989) (not improper for the court to deny defendant's request for a jury determination on the scope of the conspiracy because the scope of the conspiracy was relevant only to sentencing).

 While special interrogatories or verdicts are generally not favored in criminal cases, they are permitted. *United States v. Romo*, 914 F.2d 889, 895 (7th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 1078, 112 L.Ed.2d 1183 (1991) (judge is permitted to "give the jury a special verdict and consider its answer as an aid to making an independent determination"). *See also United States v. McNeese*, 901 F.2d 585, 605 (7th Cir.1991); *United States v. Buishas*, 791 F.2d 1310, 1317 (7th Cir. 1986). However, contrary to Smith's contention, the above cases do not stand for the proposition that special verdicts or interrogatories are required when the defendant's offense turns on factual findings. *See Romo*, 914 F.2d at 895 ("a district court can completely reject a special ver-

dict, because the determination is one for the judge and not the jury"); *United States v. Sababu*, 891 F.2d 1308, 1325 (7th Cir.1989) ("the defendants provide us with no authority—and we can find none on our own—that require a district court to provide a jury with proffered special verdict forms"). Thus, the district court was entitled to refuse to submit Smith's proposed special interrogatory to the jury. *Romo*, 914 F.2d at 895.

### Conclusion

For the foregoing reasons, Smith's conviction is

Affirmed.