28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Shamel BURTEN, Defendant-Appellant.
 No. 93-6229.
 United States Court of Appeals, Tenth Circuit.
 May 27, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Shamel Burten appeals from an order denying his oral motion to withdraw pleas of guilty to two counts of a four-count indictment. In a colloquy immediately prior to sentencing, defendant asked to withdraw his pleas because the government had failed to live up to promises made by two agents that defendant's cooperation would result in lenient treatment in sentencing. Defendant maintained he cooperated, but the sentence recommended in the presentence report was the same as for his codefendant who did not cooperate. No other reason was given to justify withdrawal of the plea. The motion was denied, defendant appeals, and we affirm.
 
 
 2
 Defendant Burten was originally charged with conspiracy to possess cocaine base with intent to distribute, possession with intent to distribute, and with two counts of possession of a firearm during a drug trafficking offense. On the day of trial, following the empaneling and initial charging of the jury, defendant informed the prosecutor of his desire to change his plea to guilty on the cocaine base possession and conspiracy counts.
 
 
 3
 Following a recess during which a plea agreement was prepared and executed, the parties returned to open court and pleas were entered. In exchange for the pleas, the government agreed to dismiss the remaining firearms counts in the indictment.
 
 
 4
 On the day of sentencing, defendant orally advised the court he was displeased with the outcome and wished to withdraw his plea. Offered the opportunity to explain his position, defendant advised the court that two federal agents told him if he cooperated and "put certain names to certain faces and pictures, that they was--I would be getting less time; a substantial amount of time was going to be cut off for me giving this information."
 
 
 5
 The court listened at length to further statements from Mr. Burten, his counsel, and the prosecutor during which the existence of such an agreement was debated. The prosecutor took the position that the government's only promises were set forth in the plea agreement, and she was unaware of any other bargain made by the government. She pointed out that although she had mistakenly agreed to the probation officer's suggestion of sentence reduction for defendant's cooperation, she withdrew that objection and did not resist the downward adjustment contained in the presentence report. She also reminded the court Mr. Burten was going to trial until he advised her of his intent to change his pleas. Accordingly, she suggested, the plea he ultimately entered was based only upon the representations made in the written plea agreement. Moreover, she contended, Mr. Burten gave no information to the government which it did not already have.
 
 
 6
 Defendant persisted, nevertheless, that he had lived up to his part of the bargain, and because his sentence was to be the same as his codefendant, the government had not lived up to its part. Defendant told the court he only entered his plea because he expected leniency, and his attorney had told him on the day of trial "I was going to be granted some type of leniency for the information." He added, if the attorney had not made such a representation, "I would have said, Well let's go ahead with the trial.' " The attorney responded that nothing he advised his client "on that date or since that date" could have convinced Mr. Burten "that he was to receive anything other than what the written plea agreement that we signed says."
 
 
 7
 After hearing all sides to completion, the court denied the motion. Although unspecific in its ruling, the court obviously found no factual basis for granting the requested relief.
 
 
 8
 Defendant has no absolute right to withdraw his guilty plea, United States v. Hickok, 907 F.2d 983, 985 (10th Cir.1990) (quoting Barker v. United States, 579 F.2d 1219, 1223 (10th Cir.1978)), and orders denying the withdrawal of a plea are reviewed for an abuse of discretion. United States v. Burger, 964 F.2d 1065, 1070 (10th Cir.1992). A defendant's plea can be withdrawn only if he demonstrates a "fair and just reason." Fed. R. Crim P. 32(d); Burger, 964 F.2d at 1071. There are seven factors to be considered in determining whether a defendant has established a fair and just reason, United States v. Elias, 937 F.2d 1514, 1520 (10th Cir.1991), but in this case we see none of those factors present. Most notable is defendant's failure to assert his factual innocence; indeed, the only basis for his motion is his mere disappointment over the outcome. That is an insufficient showing. United States v. Savage, 891 F.2d 145, 151 (7th Cir.1989). Moreover, the record here affirmatively shows the government performed its part of the agreement by dropping charges that would have led, upon conviction, to the mandatory inclusion of consecutive sentences on the firearms counts and by conceding to a downward adjustment for cooperation. Defendant has failed to establish the district court abused its discretion.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470