53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo GARCIA, a/k/a Rafael Guereca, and Jose Rivera,
Defendants/Appellants.
 Nos. 93-2512, 93-3881.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1995.
Decided March 23, 1995.
 
 Before PELL, FLAUM and MANION, Circuit Judges.
 
 ORDER
 
 1
 Rafael Guereca and Jose Rivera were convicted by a jury of conspiracy to distribute heroin and distribution of heroin. 21 U.S.C. Secs. 841(a)(1) and 846. Guereca had sold heroin to an undercover agent on four different occasions. Guereca was sentenced to life imprisonment, while Rivera received a 360 month sentence. On appeal, Guereca's and Rivera's court-appointed counsels filed a joint motion to withdraw and a supporting brief, claiming that any appeals would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), we informed Guereca and Rivera of their right to respond to their attorneys' motion. Only Rivera has filed a response.
 
 
 2
 Before we may grant counsels' motion, we must be satisfied that counsels have provided their clients with a diligent and thorough search of the record for any arguable claim supporting grounds for an appeal. Only if we agree with counsels' conclusion that the appeals are frivolous may we grant the motion to withdraw and dismiss the appeals. United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 I. Analysis
 A. Sufficiency of Evidence
 
 3
 Counsels raise the potential issue that the evidence may have been insufficient to prove the existence of a conspiracy especially given that there were no taped discussions between Guereca and Rivera to establish a conspiratorial agreement between them. A defendant attempting to overturn a conviction on the grounds of insufficient evidence bears a heavy burden. United States v. Koen, 982 F.2d 1101, 1105 (7th Cir.1992). The conviction will be upheld if the evidence, when viewed in the light most favorable to the government, establishes that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). This standard does not permit the appellate court to reweigh the evidence or to resolve conflicts in testimony. Id. at 319-20. In a conspiracy case, the government's burden at trial is to prove that a conspiracy existed and that the defendant knowingly agreed to join it. United States v. Pazos, 993 F.2d 136, 139 (7th Cir.1993). The government's evidence, however, can be entirely circumstantial. Id.; United States v. Durrive, 902 F.2d 1221, 1228 (7th Cir.1990).
 
 
 4
 In this case, all four of Guereca's drug transactions with undercover agent Nikos Eliopoulos were taped. In the first transaction, a confidential informant went to the agreed upon restaurant and observed Rivera giving Guereca the package that was later delivered to Agent Eliopoulos. During the transaction, which eventually took place in Agent Eliopoulos's vehicle outside the restaurant, Guereca referred to Rivera as a "partner" while Rivera observed the sale from a street corner. In another transaction, Rivera delivered the heroin to Agent Eliopoulos in a sale negotiated by Guereca. Guereca had agreed to sell one kilogram of heroin to Agent Eliopoulos, but had delivered only one half of the agreed amount. He informed the agent that the rest was coming. Thereafter, Rivera arrived with another co-defendant, entered the DEA vehicle with Guereca and handed the second half of the one kilogram to Agent Eliopoulos. The defendants were arrested at the conclusion of that transaction. After Rivera was advised of his Miranda rights, he admitted to delivering the drugs. At trial, Agent Eliopoulos's testimony was corroborated by the confidential informant who was present during all of the transactions, and by another DEA agent who participated as a surveillance agent at the last transaction. The record discloses sufficient evidence to establish that Guereca and Rivera were distributing drugs as partners. Because a reasonable juror could conclude that the two defendants had conspired to distribute heroin, any appeal challenging the sufficiency of the evidence would be frivolous.
 
 B. Defendant Guereca
 
 5
 Guereca's counsel raises the issue of whether the district court properly aggregated the amount of drugs from all four transactions in calculating Guereca's sentence. Specifically, counsel suggests that Guereca's base offense level should have been based on less than one kilogram of heroin because Guereca did not personally deliver the second half of the one kilogram in the last transaction, and because none of the four transactions involved more than one kilogram of heroin.[1] Guereca was convicted of all four distribution counts as well as the conspiracy count. Under the sentencing guidelines, his base offense level was to be determined by the total amount of drugs involved, which was approximately 1,141 grams of heroin. See U.S.S.G. Secs. 2D1.1(a)(3), 3D1.2(d). The district court correctly found that the amount of heroin involved in Guereca's offense was more than one kilogram but less than three kilograms, see U.S.S.G. Sec. 2D1.1(c)(6), and thus, any appeal challenging this calculation would be frivolous.
 
 
 6
 Counsel also raises the question of whether the district court erred in refusing to allow a special interrogatory on the amount of drugs involved in Guereca's offense. Counsel correctly observes that the amount of drugs involved is not an element of the offense and that the Sixth Amendment requires that a jury determine only questions of guilt or innocence. Because punishment is the province of the court, the sentencing court, not the jury, determines the amount of drugs involved in an offense. United States v. McKenzie, 922 F.2d 1323, 1327-28 (7th Cir.), cert. denied, 502 U.S. 854 (1991); see also United States v. Trujillo, 959 F.2d 1377, 1383-84 (7th Cir.), cert. denied, 113 S.Ct. 277 (1992); United States v. Savage, 891 F.2d 145 (7th Cir.1989) (trial court correctly refused defendant's request to have the scope of the conspiracy determined by jury through special interrogatories). The district court was entitled to refuse to submit special interrogatories that turn on sentencing findings to the jury. United States v. Smith, 938 F.2d 69 (7th Cir.) (per curiam), cert. denied, 502 U.S. 891 (1991). Thus, any challenge based on this ground would be frivolous.
 
 
 7
 Finally, counsel raises the potential issue of sentencing entrapment,[2] noting that Guereca would not have been sentenced to mandatory life imprisonment had the DEA arrested him sooner. Guereca did not raise this argument before the district court as a mitigating circumstance for a downward departure, see 18 U.S.C. Sec. 3553(b), and thus, to the extent appealable, the issue would be reviewed only for plain error. Fed.R.Crim.P. 52(b). Although some courts do not explicitly make the distinction between sentencing entrapment and sentencing manipulation, see, e.g., United States v. Rosa, 17 F.3d 1531, 1551 (2d Cir.1994), we have noted that in cases where the defendant does not claim that he lacked the predisposition to engage in the illegal transactions, a challenge to the government's conduct of manipulating the defendant's sentence by the amount of drugs involved is characterized as a "sentencing manipulation" claim. See United States v. Okey, No. 94-2588, slip op. at 3-4 (7th Cir. Feb. 8, 1995); United States v. Cotts, 14 F.3d 300, 306 n. 2 (7th Cir.1994). Counsel's argument, thus, is perhaps more appropriately referred to as "sentence manipulation" because its focus is not on whether Guereca was predisposed to commit the crime, but instead on whether the government stretched out the investigation merely to increase the sentence.
 
 
 8
 The circuits are split on whether to recognize sentencing entrapment/manipulation claims. While one federal circuit has expressly rejected the sentencing entrapment/manipulation defense, see United States v. Williams, 954 F.2d 668, 672-73 (11th Cir.1993), three circuits have acknowledged that the claim may be legally relied upon for a downward departure.[3] See United States v. Staufer, 38 F.3d 1103, 1108 (9th Cir.1994); United States v. Barth, 990 F.2d 442, 425 (8th Cir.1993); United States v. Connell, 960 F.2d 191, 196 (1st Cir.1992). Still three other circuits have not decided whether the doctrine is viable and have instead found that the facts presented do not support a sentencing entrapment/manipulation claim. See United States v. Raven, 39 F.3d 428, 438 (3d Cir.1994); United States v. Jones, 18 F.3d 1145, 1154-55 (4th Cir.1994); United States v. Rosa, 17 F.3d 1531, 1551 (2d Cir.1994). This circuit has questioned the validity of the defense of sentencing manipulation/entrapment, see Okey, No. 94-2588, slip op. at 3-4; United States v. Winston, 34 F.3d 574, 581 n. 4 (7th Cir.1994); United States v. Cotts, 14 F.3d 300, 306 n. 2 (7th Cir.1994)), and has noted that "[o]ur inclination ... is not to subject isolated government conduct to a special brand of scrutiny when its effect is felt in sentence, as opposed to offense, determination." Cotts, 14 F.3d at 306 n. 2. Nevertheless, whether a defendant may rely on the doctrine is still an open question in this circuit. See Okey, No. 94-2588, slip op. at 5 (holding that even if sentencing manipulation claims are viable in this circuit, defendant has failed to demonstrate that the government improperly prolonged its investigation in order to increase his sentence.) We cannot say that any appeal raising the sentencing entrapment/manipulation claim would be legally frivolous. Because there is a non-frivolous issue with respect to Guereca's appeal, we deny counsel's Anders motion to withdraw and direct counsel to address the issue of sentencing entrapment/manipulation on appeal.
 
 C. Defendant Rivera
 
 9
 Counsel raises the potential issue of whether the career offender provision of the sentencing guidelines, U.S.S.G. Sec. 4B1.1(A), was properly applied to increase Rivera's base offense level when he was already given a higher sentence under the criminal statute, 21 U.S.C. Sec. 841(b)(1)(B), due to his prior felony convictions. This "double enhancement" argument has been squarely rejected by this court. See United States v. Saunders, 973 F.2d 1354, 1365 (7th Cir.1992), cert. denied, 113 S.Ct. 1026 (1993); United States v. Moralez, 964 F.2d 677, 682-83 (7th Cir.), cert. denied, 113 S.Ct. 293 (1992). As with every circuit that has addressed the issue, see United States v. Sanchez, 988 F.2d 1384, 1394 n. 20 (5th Cir.) (listing cases), cert. denied, 114 S.Ct. 217 (1993), we have held that the method the Sentencing Commission used to calculate a sentence term under the career offender provision is of no consequence where the sentence is sanctioned by Congress. Moralez, 964 F.2d at 683. The range of 30 years to life calculated under the guidelines as applied to Rivera was within the statutory range of 10 years to life. In fact, Congress expressly mandates that the Commission should assure that certain career offenders receive a sentence of imprisonment "at or near the maximum term authorized." See 28 U.S.C. Sec. 994(h). Section 4B1.1 implements this mandate. See U.S.S.G. Sec. 4B1.1, comment. (backg'd.). Thus, any appeal challenging the application of the career offender provision based on a "double enhancement" argument would be frivolous.
 
 
 10
 In his response to counsel's motion to withdraw, Rivera also raises several potential issues relating to his sentence. None of them has any merit. Rivera, whose sentence was enhanced due to his 1982 and 1986 state drug convictions, questions the constitutionality of 21 U.S.C. Sec. 851(e), which provides a five year statute of limitation on any challenge to the validity of any prior conviction at sentencing. He also submits that despite the five year limitation period, trial counsel should have attempted to collaterally attack the prior state convictions. Rivera did not raise the constitutionality issue before the district court, and thus on appeal, the argument would be reviewed only for plain error. Drake v. Clark, 14 F.3d 351, 355 (7th Cir.1994). Moreover, section 851(e) has been upheld against constitutional challenge. See United States v. Jenkins, 4 F.3d 1338, 1343 (6th Cir.1993); United States v. Williams, 954 F.2d 668, 673 (11th Cir.1992). Rivera relies on United States v. Davis, 15 F.3d 902, 914-16 (9th Cir.1994), which was the only case that had held Sec. 851(e) to be unconstitutional. The Ninth Circuit, however, has since withdrawn Davis in light of the Supreme Court's decision in United States v. Custis, 114 S.Ct. 1732 (1994), which held that there is no constitutional right to collaterally attack prior convictions used for sentence enhancement except for convictions obtained in violation of a plaintiff's right to counsel.[4] See United States v. Davis, 36 F.3d 1424, 1438 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995).
 
 
 11
 In any event, in addition to being time-barred, any challenge to Rivera's prior convictions would have been barred by our decision in United States v. Mitchell, 18 F.3d 1355 (7th Cir.), cert. denied, 115 S.Ct. 640 (1994). Federal sentencing hearings are not the appropriate forum to examine the validity of prior convictions even though such convictions may be used to enhance a present sentence. Id. at 1360-61. Because there are alternative means for attacking an invalid prior conviction that allow a defendant to protect adequately his constitutional guarantees, we held in Mitchell that a district court should not entertain a collateral attack at sentencing "except for those challenges that manifest, from a facial review of the record, a presumptively void prior conviction." Id. at 1361. The exception stated in Mitchell may have been further narrowed by the Supreme Court's decision in Custis to allow collateral attack only on prior convictions obtained in the absence of counsel. See United States v. Killion, 30 F.3d 844, 846 (7th Cir.1994), cert. denied, 115 S.Ct. 954 (1995). Even claims of ineffective assistance of counsel would not present a facial invalidity of a prior conviction. See Custis, 117 S.Ct. at 1738; see also United States v. Billops, 43 F.3d 281, 288 (7th Cir.1994). Rivera was counseled in his state criminal proceedings. Any ineffective assistance of counsel claim concerning trial counsel's failure to collaterally attack Rivera's prior state convictions on this record would be frivolous.
 
 
 12
 Finally, Rivera raises the potential question of whether the Sentencing Commission exceeded its authority under 28 U.S.C. Sec. 994(h) in including conspiracy to commit a controlled substance offense among the offenses which qualify a defendant for sentencing enhancement as a career offender under Sec. 4B1.1 of the guidelines. Although two circuit courts have accepted this argument, see United States v. Bellazerius, 24 F.3d 698, 700-02 (5th Cir.), cert. denied, 115 S.Ct. 375 (1994); United States v. Price, 990 F.2d 1367 (D.C.Cir.1993), this court in United States v. Damerville, 27 F.3d 254 (7th Cir.), cert. denied, 115 S.Ct. 445 (1994), has declined to follow their reasoning and has joined the six other circuits that have rejected this precise attack on Sec. 4B1.1. See, e.g., United States v. Piper, 35 F.3d 611, 618 (1st Cir.1994), cert. denied, 115 S.Ct. 1118 (1995); United States v. Kennedy, 32 F.3d 876, 888 (4th Cir.1994), cert. denied, 115 S.Ct. 939 (1995). In any event, there is an additional basis for the application of Sec. 4B1.1 to Rivera's case; Rivera was convicted of not only the conspiracy count but also two distribution counts. The conviction of each of the distribution counts triggers the career offender provision. Thus any challenge to the application of Sec. 4B1.1 to Rivera's case would be frivolous.
 
 II. Conclusion
 
 13
 For the foregoing reasons, Rivera's counsel's Anders motion is granted and Rivera's appeal, No. 93-3881, is DISMISSED as frivolous. Because there is a non-frivolous issue with respect to Guereca's appeal, No. 93-2512, we DENY counsel's motion to withdraw. On appeal, Guereca's counsel is directed to address the issue of sentencing entrapment/manipulation.
 
 
 14
 PELL, Circuit Judge, dissenting.
 
 
 15
 It appearing to me that Guereca's counsel was correct in asserting that an appeal on behalf of his client would not be successful because it would be frivolous, I respectfully dissent.
 
 
 16
 This case does not involve the situation referred to in footnote 3 of the Order which prompted a departure from the sentencing guidelines in a reverse sting operation. Here we have involved a case in which Guereca was not a buyer but a dealer in drugs. There is no showing that the government was offering big sums to entice him to sell. The government was dealing with someone who was in the business of selling drugs and it had a legitimate interest in a succession of deals. If it had bought only once, or even twice from him, the case would have been subject to some ambiguity as to whether he really was in the business of selling drugs. He could assert that he had found the drugs and simply wanted to cash in on his find. To establish him as a dealer, it was necessary to have enough transactions to make it clear that he was in fact a dealer. Here Guereca does not claim he lacked a predisposition to engage in illegal transactions. Indeed, when the defendants were offered the opportunity to respond to their attorneys' motions, he made no response although Rivera did make a response.
 
 
 17
 Further, the government in dealing with sellers of drugs has, it appears to me, to have a bona fide interest in a number of transactions with the purpose of getting at the identity of the source of the drugs to the dealer from whom they were purchasing.
 
 
 18
 Finally, in this order the majority has given slight deference to this circuit's attitude toward a sentencing entrapment/manipulation claim. The "inclination" in Cotts is ignored. Perhaps as the Order states the question is open in this circuit, although I would scarcely call it wide open. We don't have a United States v. Williams pronouncement but we do have questions pointing to what our position should be. As pointed out in Okey, I am unaware of any real support in the evidence of the transactions in this case that the government improperly prolonged its buying from Guereca in order to increase his sentence.
 
 
 19
 My own approach, as a senior long-time judge of this court, to the question here involved is that we would be well advised, considering the problems that the use of drugs are causing in this country, to follow the lead of the Eleventh Circuit in United States v. Williams, even though I do not think the present case involves reaching the question that the majority want Guereca's counsel to present.
 
 
 
 [1]
 Guereca's co-defendant Rivera was held accountable for less than one kilogram of heroin
 
 
 [2]
 The defense of sentencing entrapment has sometimes been linked to the defense of "outrageous government conduct." The due process defense of "outrageous government conduct," which stems from dicta in United States v. Russell, 411 U.S. 423, 431-32 (1973), has been expressly rejected by the Sixth Circuit. See United States v. Tucker, 28 F.3d 1420 (6th Cir.1994). Although we have questioned the doctrine's continued vitality and have yet to overturn a conviction on that ground, see United States v. Nava-Salazar, 30 F.3d 788, 900 (7th Cir.), cert. denied, 115 S.Ct. 515 (1994); United States v. Van Engel, 15 F.3d 623, 631-32 (7th Cir.1993), cert. denied, 114 S.Ct. 2163 (1994), it is still an open question in this circuit
 
 
 [3]
 We note that the current version of the sentencing guidelines allows for departure in reverse sting operations where the government sets an artificially low price for the controlled substance, thereby inducing the defendant to purchase a significantly greater quantity. U.S.S.G. Sec. 2D1.1, comment (n.17) (Nov.1993). The Ninth Circuit found this amendment significant, stating that "[the amendment] shows that the Sentencing Commission is aware of the unfairness and arbitrariness of allowing drug enforcement agents to put unwarranted pressure on a defendant in order to increase his or her sentence ...." United States v. Staufer, 38 F.3d 1103 (9th Cir.1994). It is unclear, however, whether by amending the guidelines to address this particular type of reverse sting operation, the Sentencing Commission has now adequately taken into consideration the theories of "sentencing entrapment" and "sentencing manipulation."
 
 
 [4]
 Citing Sec. 851(e) as an example, the Supreme Court noted that Congress can create a statutory right to collaterally challenge a prior conviction at sentencing. Custis at 1736