UNITED STATES of America, Appellee,

v.

Donald Vivian OWENS, III, Appellant.

No. 89–2495.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1990.

Decided May 23, 1990.

David Nadler, Cedar Rapids, Iowa, for appellant.

Janet L. Petersen, Cedar Rapids, Iowa, for appellee.

Before BEAM, Circuit Judge, HEANEY, Senior Circuit Judge, and LARSON,* District Judge.

* The Honorable Earl R. Larson, United States District Judge, sitting by designation.

HEANEY, Senior Circuit Judge.

Donald Vivian Owens, III, appeals a sentence of 104 months for his conviction of conspiracy to distribute and possess with intent to distribute and to manufacture and attempt to manufacture Schedule II controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846.

## BACKGROUND

Owens and a co-defendant, Duane Carr, were charged in a one-count indictment with conspiracy to distribute and possess with intent to distribute and manufacture and attempt to manufacture "methamphetamine/amphetamine." Carr pled guilty and testified against Owens at his jury trial. The evidence at Owens's trial conflicted as to whether the object of the conspiracy was amphetamine or methamphetamine. Depending on which witnesses the jury believed, it could have found that Owens participated in a conspiracy to produce amphetamine or methamphetamine. Laboratory analysis of two samples of drugs that members of the conspiracy sold to an undercover agent showed them to contain amphetamine. A third sample tested contained no controlled substance.

The district court instructed the jury as follows:

> To assist you in determining whether there was an agreement or understanding to commit the crime of distribution of methamphetamine/amphetamine or the crime of possession of methamphetamine/amphetamine as required by Element One of this instruction, you are advised that the elements of the crime of distributing methamphetamine/amphetamine are as follows:

1. Distribution of methamphetamine/amphetamine by a person

2. Who does so knowingly and intentionally.

The elements of the crime of possession of methamphetamine/amphetamine with the intent to distribute are as follows:

1. Possession of methamphetamine/amphetamine by a person

2. Who intends to distribute some or all of the methamphetamine/amphetamine to another person.

The elements of the crime of manufacturing or attempting to manufacture methamphetamine/amphetamine are as follows:

1. That between the dates alleged, the defendant manufactured or attempted to manufacture methamphetamine/amphetamine, both controlled substances; and

2. That the defendant did so knowingly and intentionally.

.   .   .   .   .

You are instructed as a matter of law that methamphetamine and amphetamine are both Schedule II narcotic controlled substances. You must ascertain whether or not the substance in question in this case was in fact methamphetamine/amphetamine. In so doing, you may consider all evidence in the case which may aid the determination of that issue. The United States need only prove beyond a reasonable doubt that there was a measurable amount of methamphetamine/amphetamine involved in Count 1.

Jury Instructions Nos. 5, 8.[1]

The jury returned a verdict of guilty. The probation office prepared a presentence investigation report (PSI) recommending that the court determine Owens's offense level on the assumption that the conspiracy's purpose had been to manufacture and distribute methamphetamine. Calculating that the conspiracy had involved 777.52 grams of methamphetamine and using a two to one methamphetamine to cocaine ratio, the PSI found a cocaine equivalency of 1555.04 grams and arrived at a base offense level of 26 under Sentencing Guideline 2D1.1 (.5 to 1.9 kilograms of cocaine or equivalent), with a sentencing range of 63–78 months.

Owens objected to the PSI on the grounds, inter alia, that the evidence at trial indicated that the purpose of the conspiracy was to manufacture amphetamine and that the PSI overestimated the drug amounts involved in the conspiracy. Consequently, Owens argued, the cocaine equivalency of the drugs involved in the conspiracy should have been calculated on a one to one amphetamine to cocaine ratio, resulting in a base offense level of 22 with a sentencing range of 41–51 months.

The district court concluded that the object of the conspiracy was the manufacture or attempted manufacture of methamphetamine. Accordingly, the court found the two to one methamphetamine conversion factor to be appropriate. The court found that the conspiracy involved 452.52 grams of methamphetamine with a cocaine equivalency of 905.04 grams. This figure also produced a base offense level of 26 with a sentencing range of 63–78 months.

The court added four levels for Owens's role in the offense as an organizer or leader of a conspiracy involving five or more people, arriving at a base offense level of 30. Because Owens's criminal history category was I, the base offense level of 30 produced a sentencing range of 97 to 121 months. The court sentenced Owens to 104 months imprisonment. Had the court found the object of the conspiracy to be the manufacture of amphetamine, Owens would have had a base offense level of 28 with a sentencing range of 78–97 months. Owens appeals.

## DISCUSSION

■ Owens argues that the district court erred in calculating the cocaine equivalency of the quantity of drugs used in determining his sentence. He claims that the court should have used the one to one amphetamine to cocaine ratio rather than the two to one methamphetamine to cocaine ratio. Use of the one to one conversion ratio would have produced a base offense level of 28, with a sentencing range of 78–97 months.[2] Because of the language in

1. The district court used a general verdict form, permitting the jury only to find Owens either guilty or not guilty of the offense charged in the indictment.

2. Owens also claims the district court erred in increasing his base offense level by four levels for his role as a leader or organizer in the offense. A careful examination of the trial tran-

which the offense was charged, the jury instructions, and the verdict form, we agree that Owens's sentence should have been calculated according to the amphetamine conversion ratio.

■ The indictment charged Owens and Carr with conspiracy "to distribute and possess with the intent to distribute and to manufacture and attempt to manufacture, methamphetamine/amphetamine." The jury instructions repeated the ambiguous designation "methamphetamine/amphetamine," and told the jury that it must ascertain whether "the substance in question in this case was in fact methamphetamine/amphetamine." The jury returned a general verdict of guilty.

The punctuation mark used between the words methamphetamine and amphetamine is called a "virgule," and ordinarily means "or." *See American Heritage Dictionary of the English Language* 1431 (new college ed. 1976) (a virgule is a diagonal mark used especially to separate alternatives). Courts have adopted this definition in noncriminal contexts, concluding, for example, that a check made out to two payees with a virgule placed between their names was payable in the alternative with an endorsement by either payee. *See Dynalectron Corp. v. Equitable Trust Co.*, 704 F.2d 737, 739 (4th Cir.1983); *Ryland Group, Inc. v. Gwinnett County Bank*, 151 Ga.App. 148, 259 S.E.2d 152, 153 (1979).

The indictment thus charged Owens with a conspiracy involving *either* methamphetamine *or* amphetamine, both violations of 21 U.S.C. § 846. The jury instructions similarly permitted the jury to find Owens guilty of conspiracy if either of the two drugs was the object of the conspiracy. The general verdict form, however, did not allow the jury to indicate which of the two drugs it found to be the object of the conspiracy.

One witness at trial testified that the conspirators attempted to manufacture methamphetamine, while another described the conspiracy's purpose as the manufacture of amphetamine. Other witnesses' testimony concerning the drug involved varied according to whether the attorney examining the witnesses phrased the question in terms of methamphetamine or amphetamine. Several witnesses used the terms "amphetamine," "methamphetamine," and "crank" interchangeably. The only evidence the jury heard that distinguished between the two drugs was that of a forensic chemist who described the chemical and molecular differences between amphetamine and methamphetamine.

Faced with a similar situation in a pre-Guidelines case, the Eleventh Circuit stated:

> Where a section 846 conspiracy count charges the defendants with conspiring to distribute two or more drugs for which Congress has prescribed different ranges within which the sentence imposed may fall, the trial judge should, by use of a special interrogatory or otherwise, require the jury to return a verdict on the conspiracy count that will indicate clearly on its face which of the charged drugs the defendants were found by the jury to have conspired to distribute. In the absence of such a verdict, it may well be impossible in many cases for the sentencing judge to determine which drugs the jury found to have been involved.

*United States v. Dennis*, 786 F.2d 1029, 1038 (11th Cir.1986) (dicta), *cert. denied,* 481 U.S. 1037, 107 S.Ct. 1973, 95 L.Ed.2d 814 (1987); *see also Newman v. United States*, 817 F.2d 635, 637 (10th Cir.1987) (where defendant was charged with conspiracy involving both cocaine and marijuana and jury returned only a general verdict, sentencing court could not tell whether maximum sentence for narcotic or non-narcotic drugs was authorized); *United States v. Orozco–Prada*, 732 F.2d 1076, 1083 (2d Cir.) (same), *cert. denied,* 469 U.S. 845, 105 S.Ct. 154, 155, 83 L.Ed.2d 92 (1984). In *Orozco–Prada*, the court of appeals withheld its judgment for thirty days, giving the government the option of consenting to resentencing the defendant for the non-narcotic drugs only. 732 F.2d at 1984. If the government did not consent to

script persuades us that a four-level increase for Owens's role in the offense was appropriate.

resentencing, the court would vacate the conviction and remand for a new trial. *Id.*

 Because the establishment of Owens's base offense level required a determination of which drug the conspiracy involved, and because the Sentencing Guidelines provide disparate sentencing ranges for amphetamine and methamphetamine, the district court should have used a special verdict form to permit the jury to indicate which substance it found to be the object of the conspiracy.

By instructing the jury on an "either/or" basis with respect to the two substances and by failing to enable the jury to indicate which of the substances it found the conspiracy to have involved, the district court elicited an ambiguous verdict of guilty with two possible alternative interpretations. Under the circumstances of this case, the district court erred in sentencing Owens based on the alternative which yielded a higher sentencing range. The court should have calculated Owens's base offense level using the amphetamine conversion ratio, yielding a sentencing range of 78–97 months. Following the procedure used in *Orozco–Prada,* we withhold our judgment on Owens's conspiracy conviction for thirty days. If the government consents within that time to a resentencing for a base offense level calculated using the amphetamine conversion ratio, we will affirm the conviction and remand for resentencing. If the government does not consent, we will vacate Owens's conviction and remand for a new trial.