**UNITED STATES of America, Appellee,**

v.

**Richard PAGE–BEY, Appellant.**

**No. 91–2424.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1992.

Decided March 30, 1992.

**726**

Willis L. Toney, Kansas City, Mo., argued, for appellant.

Matt J. Whitworth, Kansas City, Mo., argued, for appellee.

Before MAGILL, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Appellant Richard Page–Bey (Page–Bey) appeals from his conviction for conspiracy to distribute cocaine base ("crack") and heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.[1] Page–Bey raises four arguments on appeal, all of which were raised in his motion for new trial and denied by the district court.[2] We affirm.

Page–Bey first raises several contentions regarding codefendant/witness James Tippett's (Tippett) prior criminal convictions. On the morning of Thursday, October 18, 1990, Tippett entered into a plea agreement and agreed to testify against Page–Bey. That afternoon, counsel for the govern-

ment informed Page–Bey's counsel that Tippett would testify against Page–Bey. The next morning, Friday, October 19, 1990, government counsel provided Page–Bey's counsel with a list of Tippett's prior felony convictions, including date, place, general nature of offense, and sentence. Page–Bey concedes that the list was complete and accurate. That same afternoon, Tippett was made available to Page–Bey's counsel for an interview, although Tippett declined to answer counsel's questions. Trial of this matter commenced on Monday, October 22, 1990. Counsel for Page–Bey did not move for a continuance for the purpose of investigating Tippett's prior convictions.

Page–Bey asserts that following his trial, he obtained information regarding the circumstances surrounding Tippett's prior convictions, in particular that Tippett's prior involvement in the drug distribution business was far more extensive than that which Tippett admitted at trial. Page–Bey asserts that those circumstances were not disclosed to him by the government, contradicted Tippett's testimony at trial, and would have been valuable as impeachment material. Counsel for the government represents that he was unaware of the additional information. Page–Bey does not argue otherwise.

Page–Bey contends that he was deprived of a fair trial by the government's failure to provide the additional information regarding Tippett's convictions. The government does not have a duty to seek out detailed information regarding each conviction. Because Page–Bey was provided with all of the information in the government's possession regarding Tippett's prior criminal history, we find no violation of any obligation that the government had to Page–Bey to disclose information.

Page–Bey also asserts that the additional information regarding Tippett's

---

1. Page–Bey was also convicted of unlawful acquisition and possession of food stamps in violation of 7 U.S.C. § 2024(b). He does not appeal that conviction.

2. The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri.

prior convictions constitutes newly discovered evidence which warrants a new trial.[3] A new trial based on newly discovered evidence must meet several criteria. *See United States v. Bednar,* 776 F.2d 236, 238 (8th Cir.1985). Among other factors, the evidence must not be merely impeaching, and the evidence must be of such a nature that a new trial would probably produce an acquittal. *Id.* The newly discovered evidence regarding Tippett's prior convictions does not meet those criteria.

■ Page–Bey's second argument is that the trial court erred in refusing his request for a special verdict form "requiring the jury to find at which point the Defendant allegedly entered and exited the conspiracy and the amount of controlled substance the Defendant allegedly conspired to distribute." Motion for special verdict form at 2. Page–Bey also now argues that the jury should have been given a special verdict form regarding which drugs were the object of the conspiracy. Page–Bey made no objection at trial to the trial court's refusal to give these requested special verdict forms to the jury. Thus, we review Page–Bey's claim only for plain error. *See United States v. Schmidt,* 922 F.2d 1365, 1369 (8th Cir.1991). Under the plain error standard, relief may be granted only "if the error 'would result in a miscarriage of justice if left uncorrected.'" *Id.* at 1369 (quoting *United States v. Carey,* 898 F.2d 642, 644 (8th Cir.1990)).

■ The quantity of narcotics involved in a particular case is a matter for the sentencing judge to determine, not the jury. *See United States v. Brown,* 946 F.2d 58, 61 (8th Cir.1991); *United States v. Wood,* 834 F.2d 1382, 1388–90 (8th Cir. 1987). Thus, no special verdict on quantity was required. In any event, quantity was not an issue at Page–Bey's sentencing as Page–Bey was sentenced as a career offender under U.S.S.G. § 4B1.1.[4] With regard to the dates on which Page–Bey entered or exited the conspiracy, Page–Bey's argument appears to be that those dates are relevant to the question of whether Page–Bey is liable for quantities of drugs sold or possessed by his co-defendants. As discussed above, quantity is not relevant to Page–Bey's sentence, as he was sentenced as a career offender.

■ With respect to the question of the nature of the substances involved in the conspiracy, we first note that there is no indication in the record that Page–Bey ever requested the trial court to give a special verdict form requesting the jury to state what substances it found involved in the conspiracy. In *United States v. Owens,* 904 F.2d 411 (8th Cir.1990), we held that the court should have given a special verdict form to the jury in order to permit the jury to indicate whether it found amphetamine or methamphetamine to have been the object of the conspiracy. We find this case distinguishable from *Owens.* The indictment in *Owens* charged the defendants in the alternative, i.e., with the distribution, possession with intent to distribute, and attempt to manufacture amphetamine *or* methamphetamine. *Id.* at 414. The indictment in this case charged Page–Bey with conspiracy to distribute a mixture or substance containing cocaine base ("crack") *and* a mixture or substance containing heroin. Tippett testified that during the course of the conspiracy, Page–Bey supplied him with both cocaine, which Tippett made into crack, and heroin. In *Owens,* we found that "[b]y instructing the jury on an 'either/or' basis with respect to the two substances and by failing to enable the

**3.** Page–Bey also presents an affidavit from Leonard Donahue, who states that he assisted Tippett in fabricating his trial testimony. This affidavit was not presented to the district court, and we decline to consider it for the first time on appeal.

**4.** Under the career offender guideline, Page–Bey received an offense level of 34 and a criminal history category of VI, for a range of 262–327 months. Page–Bey was sentenced to 300 months on the drug conspiracy charge. In making an alternative calculation outside of the career offender guideline, the trial court found that Page–Bey's offense level would have been 28. He had eight criminal history points which would place him in criminal history category IV which yields a range of 110–137 months. Page–Bey does not contest the trial court's determination that he is a career offender pursuant to U.S.S.G. § 4B1.1.

jury to indicate which of the substances it found the conspiracy to have involved, the district court elicited an ambiguous verdict of guilty with two possible alternative interpretations." *Id.* at 415. In this case, given the evidence at trial, the jury's verdict is not ambiguous, and we find no plain error in failing to submit a special interrogatory to the jury regarding the nature of the substances which were the object of the conspiracy.[5] Additionally, because Page–Bey was sentenced as a career offender, it would have made no difference in his sentence if the jury had found that Page–Bey was involved with one of the charged substances but not the other. The career offender guideline only requires that the offense of conviction be a "controlled substance offense," without regard to which specific controlled substance is involved. U.S.S.G. § 4B1.2(2). *See also* U.S.S.G. § 4B1.2, comment (n. 1).

We find no miscarriage of justice in this case in the submission to the jury of a general verdict form rather than a special verdict form.

 Page–Bey's third argument is that the trial court erred in admitting statements made by Alton Perkins–Bey under the coconspirator exception to the hearsay rule. *See* Fed.R.Evid. 801(d)(2)(E). We review this claim under the clearly erroneous standard. *United States v. Kocher*, 948 F.2d 483, 485 (8th Cir.1991). We have carefully considered this issue and find that the trial court's admission of those statements was not clearly erroneous.

 Finally, Page–Bey contends that the trial court erred by improperly instructing the jury to disregard government counsel's reference to an untested substance as being heroin. Following the reference, the trial court instructed the jury as follows: "You're not supposed to hear that what occurred was that the Government counsel stated what he should not have, namely what the substance actually is because it wasn't tested. You go by the testimony of the witness and disregard the question."

Although the instruction given is not a model of clarity and may, as Page–Bey suggests, have had the effect of suggesting to the jury that the substance was in fact heroin, we have carefully considered this contention and find that any error was harmless.

Therefore, we affirm the trial court's denial of Page–Bey's motion for a new trial and Page–Bey's convictions.

---

**5.** We do not suggest that, in the exercise of a trial judge's discretion, it would be inappropriate to submit such a special interrogatory in order to avoid any ambiguities as to what substances were the object(s) of a charged drug conspiracy.