19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Appellee-Plaintiff,
v.
Clifton Andrew CARTER, Otto Pace, and Travis D. Leonard,
Appellant-Defendant.
 Nos. 93-7047, 93-7048, 93-7053.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 25, 1994.
 
 Before ANDERSON, HOLLOWAY and TACHA, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 HOLLOWAY
 
 1
 * These cases are consolidated for appeal following the defendants'-appellants' resentencing in accordance with this court's decision in United States v. Pace, 981 F.2d 1123 (10th Cir.1992) (PaceI ).
 
 
 2
 The defendants were charged with multiple drug offenses. All three were convicted of conspiracy with two objects: (1) to possess with intent to distribute "methamphetamine/amphetamine" and (2) to attempt to manufacture methamphetamine, in violation of 21 U.S.C. 846 and 841(a)(1). In addition, Carter was convicted of possession of a listed chemical to be used to manufacture a controlled substance, in violation of 21 U.S.C. 841(d)(2) and 18 U.S.C. 2. Both Carter and Pace were convicted of traveling in interstate commerce to promote attempted manufacture and distribution of methamphetamine/amphetamine, in violation of 18 U.S.C.1952. Leonard was convicted of distribution of methamphetamine, in violation of 21 U.S.C. 841(a)(1). Leonard had also been charged with the violation of 1952, but the jury was unable to reach a verdict on that count. The government subsequently dismissed that charge.
 
 
 3
 In their first appeals, the defendants challenged their convictions and sentences on numerous grounds. Their primary argument was that the use of the term "methamphetamine/amphetamine" in the indictment and the use of a general verdict form, which did not allow the jury to indicate whether it found the offenses to involve methamphetamine, or amphetamine, or both, made the convictions ambiguous. Thus, they argued, this ambiguity required either a new trial or resentencing calculated from the lower base offense level for amphetamine.
 
 
 4
 This court agreed that the use of a general verdict and the use of methamphetamine in the sentencing calculations was plain error. PaceI, 981 F.2d at 1128. However, adopting a procedure used by the Second and Eighth Circuits when faced with convictions based on the "methamphetamine/amphetamine" ambiguity, we found that the record reflected sufficient evidence to support the convictions for conspiracy based on either methamphetamine or amphetamine. See United States v. Owens, 904 F.2d 411 (8th Cir.1990); United States v. Orozco-Prada, 732 F.2d 1076 (2d Cir.1984). The fact that the indictment used the ambiguous term in one of the two stated objects of the conspiracy did not require that the convictions be reversed, since there was sufficient evidence to support convictions based on the second object, attempt to manufacture methamphetamine. Because, however, the jury might have convicted defendants based on conspiracy to possess with intent to distribute amphetamine, we held that the defendants' sentences, based on the higher offense level for methamphetamine, could not stand. Id. at 1129. We summarized our disposition of the case as follows:
 
 
 5
 We affirm the convictions ... subject to the condition that the government consents to resentencing calculated from the base offense level for amphetamine; if the government does not so consent, the district court is directed to vacate the convictions and order a new trial.
 
 
 6
 Id. at 1130.
 
 
 7
 On November 5, 1992, the government filed a motion with this court for an extension of time to file its petition for rehearing. A few days later, Carter petitioned for rehearing and rehearing enbanc. We granted the government's motion to extend time, and it filed a timely petition for rehearing for all three cases on December 1, 1992. Carter's petition for rehearing was denied December 19, 1992, and the government's petition was denied January 26, 1993. However, on December 14, 1992, while the petitions for rehearing were pending, we inadvertently issued the mandates in the three cases. If a rehearing had been granted, it would have been necessary to recall the mandates. Because they were denied, however, there was no need to recall the mandates. See United States v. Black, 733 F.2d 349, 351 (4th Cir.1984); United States v. DiLapi, 651 F.2d 140, 144 n. 2 (2d Cir.1981), cert. denied, 455 U.S. 938 (1982).
 
 
 8
 On March 19, 1993, Pace moved the district court for a new trial on the ground that "the government expressly refused to consent but rather requested a rehearing." On April 1, 1993, Carter filed a "Motion to Carry Out Mandate," in which he specifically asked the court to schedule him for resentencing. On April 5, 1993, the government filed its consent to resentencing in all three cases. The trial court denied Pace's motion for a new trial and resentenced him on May 7, 1993, to a term of 121 months' imprisonment on one count and 60 months on another count, both terms to run concurrently.
 
 
 9
 Defendants Leonard and Carter were also resentenced on May 6, 1993. During Leonard's resentencing, he raised two additional objections to his sentence calculated under the guidelines. His objections were overruled, and he was sentenced to a term of 121 months' imprisonment on one count and 60 months on another count, both terms to run concurrently. Carter did not raise any objections during his resentencing. He was sentenced to a term of 292 months on one count, 120 months on a second count, and 60 months on a third count. All three terms were to run concurrently. In addition, the trial court imposed terms of supervised release and special assessments on all three defendants.
 
 II
 
 10
 a. The claim of violation by the government of the conditions of the mandate of this court.
 
 
 11
 Pace argues that by petitioning for rehearing the government expressly refused to consent to resentencing, thus entitling the defendant to a new trial by violating this court's conditional affirmance of his convictions.[2] We disagree.
 
 
 12
 Under Rule 40 of the Federal Rules of Appellate Procedure, a petition for rehearing may be filed after entry of judgment. Fed.R.App.P. 40(a). Although a petition for rehearing should not be filed routinely, a party who reasonably believes that a significant issue has been overlooked or misconstrued by the court is entitled to petition for rehearing. See 10th Cir. R. 40.1. The effect of a timely filed petition for rehearing is to "stay the mandate until disposition of the petition, unless otherwise ordered by the court." Fed.R.App.P. 41(a).
 
 
 13
 The mandate of PaceI, 981 F.2d at 1135, was that the convictions in all three cases were affirmed, provided that the government consent to resentencing. The government was entitled under Rule 40 to challenge the mandate and our disposition by petitioning for rehearing. At the time it did so, the mandates had not yet issued. Thus, the government's petition for rehearing could not have violated our mandates, since they had not yet issued. Additionally, we note that we would not allow the inadvertent issuance of our mandates to deprive any party of the right to petition for rehearing. Therefore, the government was not in violation of the condition of the affirmance either when it petitioned for rehearing or while its petition was pending, and it was not bound by the mandate until its request was denied.
 
 
 14
 In the two cases on which PaceI relied for the procedure of conditionally affirming the convictions, the courts each required that the government consent within thirty days to resentencing for the convictions on the methamphetamine/amphetamine to stand. See United States v. Owens, 904 F.2d at 414 ("... [W]e withhold our judgment on Owens's conspiracy conviction for thirty days. If the government consents within that time to a resentencing for a base offense level calculated using the amphetamine conversion ratio, we will affirm the conviction and remand for resentencing. If the government does not consent, we will vacate Owens's conviction and remand for a new trial."); United States v. Orozco-Prada, 732 F.2d at 1089.
 
 
 15
 In PaceI, however, we did not specify a time within which the government might consent to resentencing. We assume that the government did not have an unlimited time to consent but that it might consent within a reasonable time. Considering the proceedings that had to take place in the trial court on remand, the time the government took to consent in these cases was reasonable. We hold that the government did not violate the condition of the mandate and the defendants are not entitled to a new trial on this ground.
 
 
 16
 b. Pace's and Carter's claims of ineffective assistance of counsel.
 
 
 17
 Both Pace and Carter challenge their convictions on the ground that they received ineffective assistance of counsel. Without prejudice, we decline to dispose of these claims because they should usually be raised in 2255 proceedings so that the factual record can be developed. See Beaulieu v. United States, 930 F.2d 805, 806-07 (10th Cir.1991) (the preferred avenue for challenging effectiveness of defense counsel is by collateral attack through a motion to vacate).
 
 
 18
 c. Additional claims of error asserted in the second appeals.
 
 
 19
 Issues that a criminal defendant failed to raise in a first appeal generally may not be raised in a second appeal. See United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-82 (11th Cir.1989) A defendant is usually not allowed to take "two bites at the appellate apple." See United States v. Williams, 679 F.2d 504, 507 (5th Cir.1982) (defendant-appellant was allowed to raise issues in second appeal only because in the first appeal he was the appellee and thus could only respond to the points the government raised).
 
 
 20
 Pace could have stated each contention that he is making in this second appeal the first time he appealed to this court. He does not attempt to show cause for not raising those issues in his prior appeal, nor could he. He had every incentive to raise them in his first appeal. Therefore, he is not entitled to a second bite at the appellate apple.
 
 
 21
 d. Leonard's claim of error in his sentence.
 
 
 22
 A defendant being sentenced as a result of a drug conspiracy conviction is to be held accountable only for the quantity of drugs within the scope of the conspiracy and reasonably foreseeable. United States v. Powell, 982 F.2d 1422, 1435 (10th Cir.1992), cert.denied, 113 S.Ct. 2361 (1993).
 
 
 23
 Leonard argues that the evidence is not sufficient to place him in the conspiracy earlier than September 20, 1990, and that, therefore, he cannot be held accountable for the amount of drugs that could be produced from the 50 pounds of phenylacetic acid that was purchased on September 7, 1990. In support of this argument he relies, in part, on the fact that the jury was unable to reach a verdict on the charge related to criminal conduct arising from the September 7 purchase. However, as Leonard recognizes, a sentencing court may consider the amount of drugs involved in a count on which the defendant was acquitted. United States v. Garcia, 987 F.2d 1459, 1462 (10th Cir.1993). On appeal, the trial court's findings are reviewed under the "clearly erroneous" standard. United States v. Trujillo, 906 F.2d 1456, 1466 (10th Cir.), cert. denied, 498 U.S. 962, 111 S.Ct. 396, 112 L.Ed.2d 405 (1990).
 
 
 24
 At the resentencing hearing the court found, by a preponderance of the evidence, that the defendant participated in the transporting of the 50 pounds of phenylacetic acid from Little Rock, Arkansas, to Oklahoma on September 7, 1990. Supp. I R. at 7. This finding was based on the eyewitness testimony of a government informant. Defendant Leonard has not demonstrated that there is any evidence to contradict the government informant's testimony. Therefore, the trial court's finding cannot be clearly erroneous and should be affirmed.
 
 
 25
 e. Leonard's challenge to the finding that he played a substantial role in the conspiracy.
 
 
 26
 Leonard also argues that he was entitled to a downward adjustment in his sentencing guidelines offense level due to his minor or minimal role in the conspiracy. He notes that the trial court declined to award him a four level reduction for being a minimal participant but asserts that the court failed to consider whether he was entitled to a lesser reduction as a minor participant.
 
 
 27
 We note, however, the court found that "the defendant played a substantial role in and was aware of the scope, structure and activities of other participants in the conspiracy," and concluded that he therefore could not be a minimal participant. Supp. I R. at 8. Although the trial court did not explicitly use the term "minor participant," the fact that the court found Leonard to be a substantial participant precludes any argument that the court failed to consider Leonard's objection. Therefore, the court's conclusion that Leonard was not entitled to a downward adjustment was not clearly erroneous.
 
 
 28
 f. Carter's sentencing issues.
 
 
 29
 For this appeal, Carter's CJA appointed counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Carter has filed a prose brief on the merits, which we have considered. Counsel's Anders brief represented to us that he has thoroughly familiarized himself with the facts and law applicable to this case and "believes that any appeal from the resentencing proceedings would be frivolous." Brief of Counsel for Appellant Carter at 2. Counsel states that the sentencing prescribed for Carter is so excessive and harsh as to shock the conscience of any sensitive human or the court, but that such an argument has been consistently rejected by the courts. Although counsel believed those rulings violated the Fifth and Eighth Amendments, he conceded that reurging such arguments would doubtless be considered frivolous. Id. at 3.
 
 
 30
 We have considered the Anders brief and the subsequent prose brief filed by Carter, and have conducted an independent review of the record.[3] We agree that any issue raised concerning the resentencing as well as the other issues suggested by Carter are frivolous. Most of these issues were raised in his first appeal and therefore are governed by the law of the case. See Bromley v. Crisp, 561 F.2d 1351, 1363 (10th Cir.1977). To the extent that Carter is attempting to raise new issues relating to the amount of controlled substance used to determine sentencing, he has waived his right to make this challenge by failing to object at his resentencing. Fed.R.Crim.P. 32(c)(3)(A); United States v. Padilla, 947 F.2d 893, 895 (10th Cir.1991). Therefore, we grant the motion of Carter's appointed counsel to withdraw from representation of Carter.
 
 III
 
 31
 Accordingly, the denial of the motions of Pace and Carter for new trials is AFFIRMED, and the sentences entered on remand as to Leonard, Pace and Carter are AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 Carter also makes this argument. However, because he neither moved for a new trial nor objected to resentencing on this ground, he has waived this issue
 
 
 [3]
 We have not considered Carter's untimely attempt to supplement the record for his appeal since this submission is not properly before us