**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4681

RONALD T. MASKO,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4682

EUGENE BANNISTER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4693

RODNEY D. EDMONSON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4739

STANLEY HOBEREK,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-99-13)

Submitted: April 25, 2000

Decided: August 9, 2000

Before MURNAGHAN, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Cipriani, CIPRIANI & PAULL, Wellsburg, West Virginia;
William C. Gallagher, CASSIDY, MYERS, COGAN, VOEGELIN &
TENNANT, L.C., Wheeling, West Virginia; Franklin Lash, Whee-
ling, West Virginia; Kevin Neiswonger, Moundsville, West Virginia,
for Appellants. Melvin W. Kahle, Jr., United States Attorney, Robert
H. McWilliams, Jr., Assistant United States Attorney, Wheeling,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Defendants appeal the criminal judgments convicting them of
several drug-related offenses. The Defendants participated in a drug

2

distribution conspiracy in the area of Western Pennsylvania, Northern West Virginia, and Ohio involving cocaine, crack, and heroin. We have reviewed the record and find no error. We therefore affirm.

The Defendants claim there was a fatal variance between the facts alleged in the indictment and the evidence presented at trial because the indictment alleged a single conspiracy and the evidence presented at trial established multiple conspiracies. We find that the evidence, viewed in the light most favorable to the Government, supported the jury's verdict. See United States v. Harris, 39 F.3d 1262, 1267 (4th Cir. 1994).

Defendant Ronald Masko argues that the district court erred in finding the presence of sufficient exigent circumstances to justify the warrantless entry into his motel room. When Masko suffered a severe reaction while in the room, his female companion asked motel personnel to call 911. Masko eluded police called to the scene by running around the motel property naked, and was finally secured and transported to the hospital. We find that the warrantless entry was justified because the officer had an objectively reasonable belief that an emergency involving danger to Masko's female companion required immediate entry. See United States v. Moss, 963 F.2d 673, 678 (4th Cir. 1992).

Masko also assigns error to the district court's admission of evidence seized from his truck parked in the motel parking lot. After the officers searched the motel room pursuant to the warrant, the officers went to the motel parking lot with a drug dog. The dog alerted on Masko's truck and bags in the truck. The truck was searched that day based on probable cause established by the dog alert. Drugs were found in the bag in the truck bed and in a bag found inside the truck. Masko argues that the officers needed a warrant to search the truck because they had time to get a warrant given that Masko was transported to the hospital and in custody. However, there is no exigency requirement for a warrantless search of an automobile, as long as probable cause exists. See California v. Acevedo , 500 U.S. 565, 579 (1991). Therefore the evidence was properly admitted.

Masko argues that the district court erred by denying his motion for acquittal on Counts 16 and 17 of the indictment, which charged that

3

Masko traveled in interstate commerce from Pennsylvania to West Virginia with the intent to distribute crack, and the distribution of the crack, because the specific time frame was not set forth in the indictment or proven at trial. Masko alleges that because the exact date was not set forth in the indictment or at trial he was unable to prepare a defense or be protected against future Double Jeopardy concerns. We find that time was not a material element of the offense. See United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). Further, the time variance was not so large as to require acquittal. See United States v. DeBrouse, 652 F.2d 383, 390 (4th Cir. 1981); United States v. Duke, 940 F.2d 1113, 1113 (8th Cir. 1991).

Masko argues that the court's use of Donaldson and Campbell's testimony to estimate attributable drug amounts was error. We find that the court did not clearly err in making a conservative estimate of the amount of crack attributable to Masko based upon the testimony of Donaldson and Campbell. See United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996); United States v. Lamarr, 75 F.3d 964, 972-73 (4th Cir. 1996).

Eugene Bannister objects to the admission of evidence relating to the drug-related deaths from heroin provided by him. He also objects to the court's sentence of life imprisonment based upon these deaths. We find that the district court did not err in admitting the evidence because it was relevant under Fed. R. Evid. 401 and not excludable under the balancing test of Fed. R. Evid. 403. We do not find United States v. Patterson, 38 F.3d 139 (4th Cir. 1994), persuasive on the issue because the court did not address the admissibility of drug-related death evidence at trial.

We find that Bannister was properly sentenced for his conviction for violating 21 U.S.C.A. § 846 (West 1999). The conspiracy statute provides "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C.A. § 846. In this case, the object of the conspiracy charged in count one was to violate 21 U.S.C. § 841(a)(1). The penalty for violating 21 U.S.C. § 841(a)(1), when the defendant has a prior drug felony and death resulted from the use of drugs, is a mandatory life imprisonment term.

4

See 21 U.S.C.A. § 841(b) (West 1999); United States v. Wessels, 12 F.3d 746, 752 (8th Cir. 1993).

Bannister argues that there was insufficient evidence to support his convictions on Counts 7 through 10. We find that, viewing the evidence in the light most favorable to the Government, sufficient evidence existed to support the convictions. James Carr's testimony on direct examination was specific enough for a rational factfinder to find that Bannister committed the acts charged. See Glasser v. United States, 315 U.S. 60, 80 (1942).

Edmonson argues that two statements made by Craig Robinson implicating Edmonson in the conspiracy should have been excluded as hearsay. We find that the statements were admissible under Fed. R. Evid. 801(d)(2)(E). See United States v. Patterson, 717 F.2d 1481, 1488 (4th Cir. 1983).

Edmonson also assigns error to the district court's ruling admitting the grand jury testimony of Louie Franchina after he died one week prior to trial. We affirm the court's ruling on the reasoning of the district court. See J.A. 109-10.

Finally, the Defendants assign error to the district court's admission of tape-recorded telephone and in-person conversations that Government witness, Steve Watters, had with Hoberek because law enforcement officers conducting the investigation did not comply with Pennsylvania law regarding the interception of communications. See 18 Pa. Cons. Stat. § 5704 (1983 & Supp. 2000). We held in United States v. Glasco, 917 F.2d 797, 799 (4th Cir. 1990), that "state law is simply irrelevant in a federal prosecution if the investigating officers, even state officers acting alone, are not acting under the authorization of a state court." Therefore, the court did not err in admitting the evidence.

Hoberek filed a motion to file a supplemental pro se brief. Hoberek wishes to raise several claims in addition to those raised by his counsel. First, he asserts that the Government should not have been permitted to introduce the testimony of twenty witnesses, who testified that they purchased drugs in his bar, to support the substantive charges. He also challenges any testimony regarding transactions in

5

Pennsylvania because the case was brought in the Northern District of West Virginia. Hoberek next alleges that the jury was not instructed on multiple conspiracies. Finally, Hoberek argues that he should have been sentenced for a conspiracy involving marijuana, and not crack cocaine. Because Hoberek's supplemental claims are without merit, we deny the motion to file a supplemental pro se brief.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6