# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1081
_____

United States of America

*Plaintiff - Appellee*

v.

Ronnie White Mountain

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: March 31, 2021
Filed: April 5, 2021
[Unpublished]

_____

Before SHEPHERD, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Ronnie White Mountain, who was counseled below but is now proceeding pro se, appeals after a jury convicted him of sex offenses and the district court[1] sentenced

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

him to 360 months in prison. Upon careful review, we reject White Mountain's challenges to his conviction.

We conclude there was sufficient evidence for the jury to convict White Mountain, based on the testimony of his daughter--which was corroborated in part by other witnesses--that White Mountain had sexually abused her. See United States v. Timlick, 481 F.3d 1080, 1082 (8th Cir. 2007) (sufficiency of evidence to sustain conviction is reviewed de novo); United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006) (appellate court will reverse only if no reasonable jury could have found defendant guilty beyond reasonable doubt).

We also conclude that the district court did not abuse its discretion by admitting into evidence Facebook communications made by White Mountain, testimony about a similar incident of sexual abuse by White Mountain, and expert testimony about the general characteristics and behavior of abuse victims. See United States v. Emmert, 825 F.3d 906, 909 (8th Cir. 2016) (evidentiary rulings are reviewed for abuse of discretion); United States v. Eagle, 515 F.3d 794, 800 (8th Cir. 2008) (admission of expert testimony reviewed for abuse of discretion; court is not required to hold a Daubert hearing before qualifying an expert witness).

We further conclude that White Mountain's rights to a speedy trial, to confront his accuser, and to testify were not violated. See 18 U.S.C. § 3161(c)(1) (trial shall commence within 70 days of initial appearance); (h)(1)(D) (any period of delay resulting from any pretrial motion, from the filing of the motion through its disposition, is excluded); Maryland v. Craig, 497 U.S. 836, 846-47 (1990) (physical presence, oath, cross-examination, and observation of demeanor by the trier of fact serve the purposes of the Confrontation Clause by ensuring evidence is reliable and subject to adversarial testing); United States v. Bernloehr, 833 F.2d 749, 752 (8th Cir. 1987) (where attorney rests without calling defendant to testify, the accused must act affirmatively if he wishes to testify).

Finally, we conclude that the district court did not abuse its discretion by denying White Mountain's motion for a bill of particulars.  See United States v. Beasley, 688 F.3d 523, 532-33 (8th Cir. 2012) (denial of motion for a bill of particulars is reviewed for abuse of discretion); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993) (indictment will ordinarily be held sufficient unless it is so defective that it cannot be said by any reasonable construction to charge the offense for which the defendant was convicted).

_____